IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH P. FRANKENBERRY,** | : | CIVIL ACTION NO. 1:21-CV-983 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** *et al.*, | : | |
| Respondents | : | |

# MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254[1] in which petitioner Joseph P. Frankenberry challenges a state court conviction imposed in 1981. Because the petition is plainly untimely, we will dismiss the petition under Rule 4 of the rules governing § 2254 cases.

## I. Factual Background & Procedural History

The Pennsylvania Superior Court succinctly stated much of the relevant procedural history in a recent opinion. See Frankenberry v. Commonwealth, 240 A.3d 177, 177 (Pa. Super. Ct. 2020).[2] Frankenberry was convicted of first-degree murder in 1981 following a jury trial in the Fayette County Court of Common Pleas. Id. His conviction was affirmed on direct appeal to the Pennsylvania Supreme Court in 1985. Id. Frankenberry has subsequently filed five petitions for relief

---

[1] The petition is labeled as a petition under 28 U.S.C. § 2241, but because Frankenberry challenges the judgment of a state court, it is properly construed as a petition under 28 U.S.C. § 2254.

[2] The court may consider the Superior Court's opinion because it is a matter of public record.

under the Pennsylvania Post-Conviction Relief Act, which have repeatedly been dismissed as untimely. Id.

Frankenberry initiated the present case on May 28, 2021, and the court received his petition on June 2, 2021, approximately thirty-six years after his conviction became final. (Doc. 1). Frankenberry does not present any argument as to why the petition should be treated as timely filed.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  Id. ¶ 2244(d)(2).  PCRA petitions that are dismissed as untimely are not "properly filed" and do not toll the limitations period.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner.  See id. at 418; McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

### III. Discussion

Frankenberry's petition is plainly untimely.  The limitations period began to run when his conviction became final in 1985,[3] and he did not file his petition until approximately thirty-six years after that date.  Frankenberry is also not entitled to tolling of the limitations period.  His PCRA petitions did not toll the limitations period because they were untimely, Pace, 544 U.S. at 417, and Frankenberry does not present any argument for equitable tolling or the actual innocence exception.

### IV. Conclusion

We will dismiss Frankenberry's petition as untimely.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 20, 2021

---

[3] None of the other triggering events listed under 28 U.S.C. § 2244(d)(1) are applicable in this case.